UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN OLUSEGUN
BANJOKO,

Case No. 2:26-cv58-KCD-DNF

      Petitioner,

  v.

KEVIN J. RAMBOSK, IN HIS
OFFICIAL CAPACITY AS
WARDEN OF SOUTH FLORIDA
DETENTION FACILITY AS
SHERIFF OF COLLIER COUNTY
SHERIFF'S OFFICE; *et al.*;

      Respondents,

                                   /

## **ORDER**

Petitioner Stephen Olusegun Banjoko is a Nigerian citizen with a final removal order. Late last year, he was detained by immigration authorities. Banjoko responded with this lawsuit seeking a writ of habeas corpus under 28 U.S.C. § 2241.[1] The Court ultimately granted the petition in part, ordering the Government to provide Banjoko with the informal interview required by 8 C.F.R. § 241.13(i)(3) on or before April 3, 2026, or else release him from custody. (Doc. 13.)

Banjoko is now back, asserting through an emergency motion to enforce and a notice of disputed compliance that the Government ignored the Court's

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

order. (Docs. 18, 20.) He claims he never received a meaningful interview and demands either his immediate release or an expedited evidentiary hearing to settle the matter. The Government has responded, offering an official agency record and a sworn declaration from a deportation officer stating that the required informal interview did, in fact, take place. (Docs. 19, 22, 24.) Because Banjoko's filings do not present admissible evidence capable of disturbing the administrative record, both motions are **DENIED**.

To warrant the extraordinary remedy of an evidentiary hearing, a habeas petitioner must proffer specific, admissible facts—not bare conclusions or unsworn assertions. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002). But instead of actual evidence, Banjoko relies on a brief drafted by his lawyer, which recounts a brief phone conversation. This is textbook hearsay. It has been months since this compliance dispute first crystallized, giving Banjoko ample time to gather and submit a sworn statement, a witness declaration, or any shred of actual proof. Yet the record on his side remains entirely bare. The Court declines to conjure a material factual dispute out of an attorney's unsworn recap of a phone call. An attorney's narrative cannot substitute for a sworn declaration from an individual with personal knowledge in this context. *See, e.g., Hayden v. United States*, 814 F.2d 888, 892 (2d Cir. 1987).

Contrast Banjoko's empty ledger with what the Government offers: an official agency record and a sworn declaration from Deportation Officer Anthony Lima. According to this evidence, an informal regulatory interview did take place on April 2, 2026—beating the deadline. Official government actions and administrative records carry a "presumption of regularity." *United States v. Chem. Found.*, 272 U.S. 1, 14 (1926). In the absence of clear, contradictory evidence, courts presume that public officers have properly discharged their duties. *See, e.g.*, *United States v. Bode*, No. 20-22663-CIV, 2021 WL 6926417, at *7 (S.D. Fla. Jan. 25, 2021). An unsworn, second-hand story will not pierce that presumption here. *Cf. Olivera v. Mordant*, No. 2:26-CV-547-KCD-NPM, 2026 WL 1109406, at *5 (M.D. Fla. Apr. 24, 2026).

At bottom, Banjoko asks the Court to find the Government in noncompliance, disturb the status quo, and open the jailhouse doors based on nothing more than attorney argument. There has been no hesitation to enforce judicial directives when a violation is shown, *Iastrebov v. Warden, Baker Cnty. Det. Facility*, No. 2:26-CV-1697-KCD-NPM, 2026 WL 1694050 (M.D. Fla. June 11, 2026), but holding a hearing or ordering an alien's immediate release just to see if something shakes out is a bridge too far. Because Banjoko has failed to present any admissible proof to dispute the Government's compliance, his motions (Docs. 18, 20) are rejected.

**ORDERED** in Fort Myers, Florida on June 23, 2026.

Kyle C. Dudek
United States District Judge